11370. GRANT *v.* WHITE.

STEPHENS, J. 1. In a suit to recover the purchase-price of a second-hand lighting plant sold by the plaintiff to the defendant, where the defendant pleaded a total failure of consideration, in that the property sold was not reasonably suited for the purpose intended, and where the evidence showed that "the plant failed to work properly and would stop altogether, and did not light the house as it should;" that "it was a second-hand plant and had become defective, and failed to work and

function properly, due to the fact that the gasoline flow failed properly to feed the engine, which would cause the same to stop running and go entirely dead;" and that the defendant, after working on the plant, could not "make it run properly and give satisfaction as a lighting plant in lighting (the) house." A verdict for the defendant was not demanded. Such evidence does not demand the inference that the property was without any value whatever as a lighting plant and totally unfit for the use intended. The evidence authorized the inference that the failure of the plant to function properly and perform as a lighting plant as intended was due to a defect which could be remedied.

2. A verdict for the plaintiff for an amount less than the balance due on the contract price was authorized by the evidence, and the judge did not err in overruling the defendant's motion for a new trial upon the general grounds.

*Judgment affirmed.* *Jenkins, P. J., and Hill, J., concur.*

DECIDED JANUARY 20, 1921.

Complaint; from Crisp superior court — Judge Gower. January 31, 1920.

*Max E. Land,* for plaintiff in error. *Pearson Ellis,* contra.